

June 3, 2004

The Honorable Joe F. Grubbs
Ellis County and District Attorney
1201 North Highway 77, Suite B
Waxahachie, Texas 75165-5140

Opinion No. GA-0195

Re: Whether an employee of the City of Midlothian may simultaneously serve as a director of the Mountain Peak Water Supply Corporation (RQ-0142-GA)

Dear Mr. Grubbs:

You ask whether an employee of the City of Midlothian may simultaneously serve as a director and/or officer of the Mountain Peak Water Supply Corporation.[1] A letter from the attorney for the Mountain Peak Water Supply Corporation has informed us that the corporation has recently converted to the Mountain Peak Special Utility District ("Mountain Peak").[2]

You indicate that the municipal employee in question is "a front line supervisory employee whose duties include mowing City parks and roadsides. Except for the purchase of approved supplies used in the course and scope of his daily duties, he has no authority to enter into any type of contract on behalf of the City." Request Letter, *supra* note 1, at 1. The same individual serves simultaneously as president and director of Mountain Peak.[3] You ask that we address this simultaneous service in terms of both dual office holding and conflict of interest under chapter 171 of the Local Government Code.

Article XVI, section 40 of the Texas Constitution provides, in relevant part, that "[n]o person shall hold or exercise at the same time, more than one civil office of emolument." TEX. CONST. art. XVI, § 40. As the Supreme Court of Texas observed in *Aldine Independent School District v. Standley*, 280 S.W.2d 578 (Tex. 1955), "the determining factor which distinguishes a public officer from an employee is whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others." *Id.* at 583. On the basis of the facts you have presented, the individual in question is an employee, rather than an officer, of the City of Midlothian.

---

[1]See Letter from Honorable Joe F. Grubbs, Ellis County and District Attorney, to Honorable Greg Abbott, Texas Attorney General (Dec. 8, 2003) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]See Letter from David A. Miller, Miller Mentzer MacDonald, P.C., to Nancy Fuller, Chair, Opinion Committee, Office of the Attorney General (Jan. 21, 2004) (on file with the Opinion Committee).

[3]*Id.* at 2

Dual office holding also encompasses the common-law doctrine of incompatibility, which has three aspects: self-appointment, self-employment, and conflicting loyalties. *See* Tex. Att'y Gen. Op. No. GA-0127 (2003) at 2. Self-appointment does not apply in this case because the individual, as a municipal employee, does not appoint the directors of Mountain Peak nor, as a director of Mountain Peak, does he appoint employees of the City of Midlothian. Neither is self-employment incompatibility applicable because, as a municipal employee, he is not employed by Mountain Peak. Conflicting loyalties incompatibility requires that both positions constitute "offices." *See* Tex. Att'y Gen. Op. No. JM-1266 (1990) at 4; *see also* Tex. Att'y Gen. LO-96-148, at 2. Because we have determined that, as a municipal employee, the individual does not hold an office, conflicting loyalties do not arise.

We must also consider chapter 171 of the Local Government Code, which relates to conflicts of interest. Section 171.004 thereof requires, *inter alia*, that, "[i]f a local public official has a substantial interest in a business entity . . . the official shall file, before a vote or decision on any matter involving the business entity . . . an affidavit stating the nature and extent of the interest and shall abstain from further participation in the matter," *if* "the action on the matter will have a special economic effect on the business entity that is distinguishable from the effect on the public." TEX. LOC. GOV'T CODE ANN. § 171.004(a)(1) (Vernon 1999). "Local public official" includes "a member of the governing body or another officer . . . of any district . . . county, municipality, precinct, central appraisal district, transit authority or district, or other local governmental entity who exercises responsibilities beyond those that are advisory in nature." *Id.* § 171.001(1). A director of a special utility district, such as Mountain Peak, is clearly a local public official for purposes of section 171.001 of the Local Government Code. As an employee of the City of Midlothian, however, the individual in question is of course not a local public official.

It is undisputed that the City of Midlothian has, in the past, contracted to sell water to Mountain Peak, and that it is likely to do so in the future. *See* Request Letter, *supra* note 1, at 2. As a director of Mountain Peak, the person in question must, under chapter 171 of the Local Government Code, disclose any interest he might have in any business entity. The term "business entity" is defined as "a sole proprietorship, partnership, firm, corporation, holding company, joint-stock company, receivership, trust, or any other entity recognized by law." TEX. LOC. GOV'T CODE ANN. § 171.001(2) (Vernon 1999). In Attorney General Opinion DM-267, this office concluded that a city is not a business entity for purposes of chapter 171 of the Local Government Code. *See* Tex. Att'y Gen. Op. No. DM-267 (1993) at 2. Rather, it is "[a] political entity or subdivision for local governmental purposes." *Id.* (quoting BLACK'S LAW DICTIONARY 244 (6th ed. 1990)). More recently, relying on Opinion DM-267, we said that a school district is not a business entity under the terms of chapter 171. *See* Tex. Att'y Gen. Op. No. GA-0031 (2003) at 2; *see also* Tex. Att'y Gen. Op. No. JM-852 (1988) (state university is not a business entity as defined in section 171.001(2) of the Local Government Code).

Accordingly, we conclude that a director and/or officer of the entity formerly known as the Mountain Peak Water Supply Corporation, and now designated as the Mountain Peak Special Utility District, is not required by section 171.004 to disclose his interest in and abstain from voting on matters involving the City of Midlothian, which he serves as an employee.

## S U M M A R Y

An employee of the City of Midlothian is not barred by article XVI, section 40 of the Texas Constitution, nor by common-law incompatibility from simultaneously serving as a director/officer of the entity formerly known as the Mountain Peak Water Supply Corporation, and now designated as the Mountain Peak Special Utility District. As a director/officer of Mountain Peak, he need not disclose his interest in or abstain from voting on matters involving the City of Midlothian.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee